GRIFFIN, Justice,
for the Court:
This case, involving a bail bond, comes to the Court from the Circuit Court of Laud-erdale County, which denied the appellants’ petition for a stay of the bond’s forfeiture and remission of the bond. We affirm.
On July 24, 1984, Douglas Brogan, a soliciting agent for Phillip Sides, d/b/a American Bonding Company, issued a $5,000 bail bond on Elijah Horton, a/k/a Roy Herman Ashford, charged with forgery. Horton was to appear in the Circuit Court of Lauderdale County at its November 1984 Term. When Horton failed to appear, the circuit court issued a scire faci-as, requiring the appellants to appear during the January 1985 Term of Court.
On February 5, 1985, the circuit court granted the appellants’ motion for addition-ál time to produce Horton. When the extra time expired, and Horton remained at large, the circuit court entered final judgment on June 6, 1985, for $5,000 against “Phillip Sides and/or Douglas Brogan” as sureties on the bond.
On'September 16, 1985, the Oktibbeha County Sheriff’s Department apprehended Horton and transferred him to Lauderdale County within twelve months of the final judgment. Thereafter, the appellants, who had not yet paid the $5,000 judgment, petitioned the circuit court for “stay of bond forfeiture and for remission of bond,” since Horton was now in custody.
After a hearing, the circuit court denied the petition, ordering payment under the final judgment of bond forfeiture.
In this case, the Court must construe Miss.Code Ann. § 83-39-7 (1972), which reads in part:
In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney’s fees, shall be refunded to the bail bondsman or his insurance company upon proper showing to the court as to which is entitled to same, provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment, or proof made of incarceration of the defendant in another jurisdiction, and that “hold order” has been placed upon said defendant for return of said defendant to said sheriff upon release from the other jurisdiction, then the bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court’s discretion to be just and proper.
In short, the statute provides that a bondsman may petition a court for a refund of the money forfeited on final judgment, where the defendant is returned within twelve months of such judgment, allowing in the alternative a bondsman to petition for a stay and remission of forfei *1224 ture, where there is proof of the defendant’s incarceration within another jurisdiction, subject to a “hold order” for his return. Yet, the statute does not contemplate, as the appellants contend, a stay and remission of forfeiture, where the defendant is returned within twelve months, but the judgment remains unpaid.
In this case, the appellants had failed to pay the judgment as of the hearing, approximately five months after its rendition. Section 83-39-7 states,
In the event that any bond issued by a professional bondsman is declared forfeited and judgment entered thereon by a court of proper jurisdiction and the amount of the bond is not paid within ninety (90) days thereafter, such court shall order the department to declare the qualification bond of such professional bondsman to be forfeited and the license revoked.
The appellants’ contention then that they were eligible for a stay of forfeiture during the twelve months following final judgment, while they left such judgment unsatisfied, is totally without merit, and directly contradicts not only the terms of § 83-39-7, but also M.R.C.P. 62(a), where it reads, “[N]o execution shall be issued upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry ....” (emphasis added)
Consequently, we affirm, noting that just as criminal defendants must obey the law, so must their bondsmen obey the rules of court. However, this opinion does not affect the right of the appellant to a refund as provided by § 83-39-7, supra, when the judgment has been satisfied.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., dissents.